902 F.2d 1569
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley MURPHY, Plaintiff-Appellant,
v.
Lt. G. BENTLY; Jeanette Rucker; Thomas Anderson; Al C.
Parke, Defendants-Appellees.
 No. 89-6523.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1990.
 
 Before KENNEDY and RYAN, Circuit Judges and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Stanley Murphy moves for in forma pauperis status and appeals from the district court's judgment granting summary judgment for the defendants in this 42 U.S.C. Sec. 1983 civil rights suit.
 
 
 3
 Murphy claimed that his due process rights were violated when the Adjustment Committee at the Kentucky State Reformatory (KSR) failed to comply with Corrections Department policies and procedures regarding a disciplinary report he received for engaging in extortion or blackmail or making threatening statements. The defendants are KSR officials. Murphy requested damages and injunctive relief.
 
 
 4
 After reviewing the defendants' answer, the magistrate's report and recommendation, and Murphy's objections, the district court granted summary judgment for the defendants, deciding that Murphy's allegations were meritless.
 
 
 5
 Murphy raises the same issues on appeal. In addition, he argues that the district court failed to allow him to amend his complaint in order to present facts in support of his claims.
 
 
 6
 Upon consideration, we conclude that the district court properly granted summary judgment for the defendants as there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 
 7
 To the extent that Murphy seeks damages, the suit was properly dismissed. State officials are not subject to damages when sued in their official capacities. Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989). Even pro se plaintiffs must specify that they are suing state officials in their individual capacities in order to avoid dismissal on this ground. Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989). Murphy failed to properly name and adequately notify the defendants that he sought individual liability in damages; thus, this portion of the suit was properly dismissed.
 
 
 8
 Furthermore, the suit for injunctive relief was properly dismissed. The magistrate properly analyzed the due process issues, and the district court properly adopted the magistrate's report.
 
 
 9
 Finally, Murphy's argument that the district court failed to allow him to amend his complaint in order to present facts in support of his claims does not entitle him to relief. Murphy did not file a motion to amend in the district court. In addition, he had the opportunity to supply additional facts in his objections to the magistrate's report and recommendation.
 
 
 10
 For these reasons, the motion to proceed in forma pauperis is granted, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.